[No. 14791. Department One. January 10, 1919.]

THE STATE OF WASHINGTON, *Respondent*, v. J. E. GRANT, *Appellant*.[1]

CRIMINAL LAW (193)—CONTINUANCE—ABSENCE OF WITNESS. It is not error to refuse a continuance because of the absence of a witness wanted for the purpose of impeaching a prospective witness for the state who was not called to testify.

SAME (236-2)—OPENING STATEMENT—IRRELEVANT TESTIMONY. It is not error to exclude the opening statement of counsel and evidence offered as to the impeachment of a prospective witness for the state who was not called to testify, as the evidence became irrelevant.

RAPE (17)—EVIDENCE—CREDIBILITY OF PROSECUTRIX. In a prosecution for statutory rape of one under the age of consent, it is improper to ask the prosecuting witness whether any one had ever hugged or kissed her before, as it did not imply unchastity, even if that could be shown to affect her credibility.

CRIMINAL LAW (313)—TRIAL—INSTRUCTIONS. Error in an instruction will not be considered on appeal, where appellant fails to indicate wherein it is faulty and did not propose a better one.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered December 20, 1917, upon a trial and conviction of rape. Affirmed.

*E. Pruyn,* for appellant.
*Arthur McGuire,* for respondent.

CHADWICK, J. — Defendant was charged and convicted of the crime of rape. When the case was called

[1]Reported in 177 Pac. 784.

for trial, one Arthur Smith, who had been subpoenaed as a witness, was not in attendance upon the court, whereupon counsel for defendant filed a motion for a continuance, which he supported by an affidavit setting out what the witness would swear to if present in court. The facts sought to be shown by the witness were a set of circumstances tending to impeach the fidelity of appellant's wife, the mother of the prosecuting witness. The subpoena was issued; the motion and affidavit were filed in the evident belief that Mrs. Grant would be called as a witness. She was not called, and the developments of the trial were such that the facts sought to be established became wholly irrelevant. There was no error in the refusal of the court to grant a continuance.

When the state had rested, counsel for appellant began to make an opening statement, saying that he expected to prove that Mrs. Grant had maintained an adulterous intercourse with a man living in Grant county; that, when appellant discovered her infidelity, dissensions arose, but that they afterwards reconciled their differences and continued to live as husband and wife, upon the understanding that Mrs. Grant would testify as a witness against the interloper in a civil action to be begun by appellant and for which he had engaged counsel; that, at about the time they were ready to start the action, appellant was arrested on the present charge; that Mrs. Grant had caused this to be done for the purpose of concealing her lewdness, whereupon, after some colloquy, the court refused to permit counsel to continue his opening statement. Counsel was then permitted to make an offer to prove the things which the court had held to be immaterial. For the reason given under the first assignment of error, we think the court did not commit any error. The testimony offered could have no bearing, except

as it might affect the credibility of Mrs. Grant, and she was not called as a witness.

Error is assigned in that the court sustained an objection to the question: "Did anybody ever hug or kiss you before this man?" The prosecuting witness was under the age of consent, and the objection was properly sustained. If we grant that a showing of unchastity may be considered by the jury as affecting the credibility of a witness, we are unwilling to write it down, as a matter of law, that the things referred to would even imply unchastity.

The giving of the following instruction: "You are the judges of the credibility of the witnesses and of the facts proven, the law you will take from the court as set out in these instructions," is complained of. Counsel does not indicate wherein the instruction is faulty. Nor did he propose one that would better state the rule. In this state of the record, we do not feel called upon to pursue the inquiry.

Finally, it is said that the proof is insufficient to sustain the verdict. We have read the entire record and are satisfied that there was enough evidence to sustain the verdict.

Affirmed.

MAIN, C. J., TOLMAN, and MITCHELL, JJ., concur.